UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC.,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>KCD TRUCKING INC.,<br><br>　　　　　　　　Defendant. | CASE NO. 2:22-cv-01641-TL<br><br>ORDER ON MOTION FOR DEFAULT JUDGMENT |

　　　This is an action to recover delinquent contributions under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. This matter comes before the Court on Plaintiff's Motion for and Affidavit for Entry of Default Judgment. Dkt. No. 12. Having reviewed the motion and all supporting materials, the Court GRANTS the motion.

　　　　　　　　　　　　I.　　BACKGROUND

　　　Plaintiff Northwest Administrators, Inc., is the administrator of the Western Conference of Teamsters Pension Trust Fund and the Washington Teamsters Welfare Trust Fund

ORDER ON MOTION FOR
DEFAULT JUDGMENT - 1

(collectively the "Trusts"). Dkt. No. 6 ¶ 1. Plaintiff is a Washington corporation with its principal place of business in King County. *Id*. The Pension Trust Fund is a trust fund created pursuant to Section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. § 186(c)(5), that provides retirement benefits to eligible participants. *Id*. ¶ 2. The Welfare Trust Fund is a trust fund created pursuant to Section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. § 186(c)(5), that provides medical benefits to eligible participants. *Id*. ¶ 3.

Plaintiff alleges that Defendant KCD Trucking, Inc., a Washington corporation, is bound to a collective bargaining agreement with Local 174 of the International Brotherhood of Teamsters. *Id*. ¶ 7; *see* Dkt. No. 13-1. By that agreement, Defendant is required "to promptly and fully report for and pay monthly contributions to the Trust at specific rates for each hour of compensation" paid to covered employees. Dkt. No. 6 ¶ 7; *see* Dkt. No. 13-1. Defendant also accepted the Trust Agreements, which require Defendant to pay liquidated damages equal to 20% of all delinquent contributions and interest accruing at varying annual rates, as well as attorney fees and costs. Dkt. No. 6 ¶ 8; Dkt. No. 13-2 at 10; Dkt. No. 13-3 at 14. Plaintiff filed suit alleging that Defendant failed to report and pay the amounts due for the employment period of September 2022. Dkt. No. 6 ¶ 9. Since the start of the instant action, Defendant provided a remittance report for September 2022 (Dkt. No. 13-7) but has still failed to pay the amounts due. Dkt. No. 12 ¶ 13.

Defendant was properly served in this matter but has failed to appear. Dkt. Nos. 7–8. Plaintiff moved for and obtained an entry of default. Dkt. Nos. 9–10. With evidentiary support, Plaintiff now asks the Court to enter default judgment in its favor and to award it $4,107.29, consisting of: (1) $2,312.00 in delinquent contributions, $462.40 in liquidated damages, and $69.99 in pre-judgment interest (calculated at 5% per annum through May 19, 2023) (Dkt.

No. 12 ¶¶ 13, 15; Dkt. Nos. 12-2, 13-8); and (2) $780.90 in attorney fees and $482.00 in costs (Dkt. No. 12 ¶ 17; Dkt. No. 12-3).

## II.   LEGAL STANDARD

A court's decision to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Default judgment is "ordinarily disfavored," because courts prefer to decide "cases on their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). When considering whether to exercise discretion in entering default judgments, courts may consider a variety of factors, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of a plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure.

*Id.* at 1471–72. Courts reviewing motions for default judgment must accept the allegations in the complaint as true, except facts related to the amount of damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

## III.   DISCUSSION

As an initial matter, the Court finds that it has jurisdiction over this action pursuant to ERISA. 29 U.S.C. §§ 1132(e)(1), (f). The Court also finds that venue is proper because Plaintiff's trust funds are administered in this District. 29 U.S.C. § 1132(e)(2).

Considering the *Eitel* factors, the Court finds that entry of default judgment is proper. Plaintiff and the covered employees would be prejudiced absent an order of default judgment for the amounts due to the Trusts for various bargained-for benefits and the costs of collecting them. Also, taking the allegations in Plaintiff's complaint as true and considering the supporting materials, Plaintiff has sufficiently pled meritorious claims for delinquent contributions. There is

likely no dispute of material facts, as Plaintiff has provided evidence that is likely difficult to be rebutted. Finally, there is no evidence to suggest the default was due to excusable neglect, as Defendant was served with process and failed to appear. Therefore, notwithstanding the strong policy under the Federal Rules of Civil Procedure that claims be resolved through contested litigation, the Court finds that the *Eitel* factors favor entry of default judgment.

The Court finds that Plaintiff has submitted sufficient evidence to confirm the following amounts are due: $2,312.00 in delinquent contributions, $462.40 in liquidated damages, and $69.99 in pre-judgment interest (calculated at 5% per annum through May 19, 2023). Dkt. No. 12 ¶¶ 13, 15; Dkt. Nos. 12-2, 13-8. Plaintiff also seeks—and the Court finds Plaintiff has submitted sufficient evidence to support—$780.90 in attorney fees and $482.00 in costs. Dkt. No. 12 ¶ 17; Dkt. No. 12-3. The Court also finds that Plaintiff is entitled to attorney fees under the criteria outlined in *Kerr v. Screen Extras Guild, Inc.*:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992). Plaintiff has supported these factors in its motion and supporting materials (*see* Dkt. No. 12 ¶¶ 17–18; Dkt. Nos. 12-3, 12-4), and the Court finds this evidence persuasive. Plaintiff has provided a sufficiently precise accounting to justify the request of $780.90 in attorney fees and $482.00 in costs. These appear reasonable in light of the experience and skill of counsel, the rates requested and hours expended, and the efforts and results achieved.

ORDER ON MOTION FOR
DEFAULT JUDGMENT - 4

## IV. CONCLUSION

Accordingly, the Court GRANTS Plaintiff's Motion for and Affidavit for Entry of Default Judgment. Dkt. No. 12. Plaintiff is AWARDED $2,312.00 in delinquent contributions, $462.40 in liquidated damages, $69.99 in pre-judgment interest (calculated at 5% per annum through May 19, 2023), $780.90 in attorney fees, and $482.00 in costs. The Clerk is DIRECTED to enter judgment as summarized herein.

Dated this 15th day of June 2023.

Tana Lin
United States District Judge